◼ In the Matter of the Claim of JOHN PUCCIO, Respondent, v. GENERAL CABLE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board. On December 20, 1957 the claimant began work at 3:30 P.M. and at 5:00 P.M. he began working as a "scale man" which involved lifting rubber slabs weighing about 15 pounds each from a shoulder high platform and placing them on a scale four inches from the floor. The estimates of the speed at which the machine cut the slabs varied from 3 to 10 seconds for each slab so that the claimant was required to work quite rapidly. At about 6:40 P.M. after he had lifted over 6,000 pounds of the rubber slabs the claimant got a terrible pain in his chest, began to sweat and became dizzy. He was taken to the first-aid room and the hospital and his condition was diagnosed as acute coronary thrombosis. The claimant produced medical testimony indicating causal relationship between the exertion of lifting the rubber and the coronary thrombosis. Of course there was testimony to the contrary which produced a sharp conflict in this close case. The board found that the work being done was unusual for the claimant and entailed arduous, physical exertion, and that this work precipitated his coronary thrombosis. We cannot hold as a matter of law that the board's findings were not supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.